UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHEEN DAVIS,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

22 Civ. 1131 (ER)

RAMOS, D.J.

On September 16, 2009, following a jury trial held in January 2009, Judge Deborah A. Batts sentenced petitioner Raheen Davis to a term of 210 months' imprisonment, 110 of which were to be served consecutively to the sentence previously imposed by Judge Lewis A. Kaplan.[1] 08 Cr. 76 (ER), Doc. 40. At trial, Davis was convicted of one count of assault on a federal corrections officer in violation of 18 U.S.C. § 111 and one count of possession of a weapon in prison in violation of 18 U.S.C. § 1791. *Id.* at 1. On September 24, 2009, Davis appealed, and the Court of Appeals for the Second Circuit dismissed his appeal on June 24, 2010. 08 Cr. 76 (ER), Docs. 41, 44.

Davis now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence because he claims he is being tortured by former President Barack Obama, Supreme Court Justice Sonia

---

[1] Davis had previously been convicted and sentenced in this district in connection with two other cases. On June 5, 2007, Judge Victor Marrero sentenced Davis to 63 months' imprisonment on his conviction for distribution and possession with intent to distribute cocaine base. 05 Cr. 694 (VM), Doc. 58. On July 15, 2008, Judge Kaplan sentenced Davis to 20 years' imprisonment on one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and life imprisonment on one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), which sentence runs consecutively to the sentence imposed by Judge Marrero. 05 Cr. 1157-01 (LAK), Docs 227, 229. Following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), Judge Kaplan entered an amended judgment sentencing Davis to 20 years' imprisonment to run consecutively to the sentence imposed by Judge Marrero. Judge Kaplan vacated Davis' conviction under 18 U.S.C. § 924(c) and dismissed that charge. 05 Cr. 1157-01 (LAK), Doc. 297. In the case before Judge Kaplan, Davis has filed several letters and motions since 2017 either to vacate his sentence pursuant to 28 U.S.C. § 2255 or for the appointment of counsel, stating that he is being attacked by former President Barack Obama and former President George W. Bush and expressing his fear that President Obama is using satellites to torture him. *See, e.g.*, 05 Cr. 1157-01 (LAK), Docs. 302, 304, 310, 311.

Sotomayor, former Assistant United States Attorney Katherine Lemire,[2] and five brain surgeons from the Department of Justice who are "stabbing [him] every day in [his] cell by a military satellite," in violation of his Constitutional rights.  He further states that President Obama has ordered him to be assassinated.  Doc. 1.

A prisoner in federal custody may bring a motion pursuant to 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack.  Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez,* 221 F.3d 117, 123 (2d Cir. 2000).  The Court is obligated, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted)(emphasis in original).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

As a threshold matter, the instant motion is not timely.  A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates, that is, from the date when:  (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on

---

[2] Lemire previously served as an Assistant United States Attorney in the Southern District of New York and represented the Government in Davis' prosecution in Case No. 05 Cr. 1157 (LAK).

collateral review; *or* (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  Davis' appeal was dismissed on June 24, 2010, more than eleven years ago.  Accordingly, there can be no doubt that the judgment of conviction became final long ago.  Davis' motion does not set forth any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting the instant motion.[3]  *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions is subject to equitable tolling in appropriate cases); *Green*, 260 F.3d at 86 (holding that equitable tolling "may be applied to the filing of a § 2255 motion").

      Even if Davis' motion were not time-barred, he presents no basis for relief.  "A motion under section 2255 must 'specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.'"  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001 (quoting Rules Governing Section 2255 Proceedings, Rule 2(b)); *see also Nelson v. United States.*, 380 F. Supp. 2d 100, 103-04 (N.D.N.Y. 2005).  Courts are not required to hold a hearing on motions brought pursuant to § 2255 "where the allegations are 'vague, conclusory, or palpably incredible.'" *Gonzalez v. United States*, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting *Machibroda v. United States,* 368 U.S. 487, 495 (1962)).  The Court cannot act on Davis' submission because he asserts no substantive *habeas* grounds.  Even construed liberally, his motion is, on its face, palpably

---

[3] Even assuming Davis' fears of surveillance and torture by government figures to be an extraordinary circumstance, the record before Judge Kaplan shows that Davis has raised similar concerns to the district court since 2017.  *See* 05 Cr. 1157 (LAK) Doc. 267 and Doc. 293 (September 23, 2020 Hr'g Tr.) at 5.

incredible and does not refer to any basis in law or fact which would entitle him to relief under § 2255.

The motion is therefore denied. Because Davis' motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Davis at the following address:

> Raheen Davis, Prisoner No. 58146054
> Atlanta USP
> P.O. Box 130160
> Atlanta, GA 30315

The Clerk of Court is further respectfully directed to terminate the motion, Doc. 1, to close the case, and to terminate the motion in the related case, Doc. 49 in 08 Cr. 76 (ER).

It is SO ORDERED.

Dated: February 14, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.