UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHEEN DAVIS,

                          Petitioner,

    – against –

UNITED STATES OF AMERICA,

                          Respondent.

**ORDER**

22 Civ. 1131 (ER)
08 Cr. 76 (ER)

Ramos, D.J.:

    On March 7, 2022, *pro se* petitioner Raheen Davis filed letters seeking that the Court request *pro bono* counsel to represent him in his petition to vacate his sentence, based on the fact that he is incarcerated and has limited access to legal resources. 22 Civ. 1131 (ER), Doc. 6, 08 Cr. 76 (ER), Doc. 52. Davis informed the Court both that he intends to file a new petition for a should he be appointed an attorney, and that he wants to appeal the Court's February 14, 2022 order dismissing his petition. 22 Civ. 1131 (ER), Doc. 3.

    Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and

*Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Petitioner's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

Given the nature of Davis' claims, discussed in the Court's prior orders dismissing his petition and request for reconsideration, the Court is unable to conclude that Davis' claims are likely to have merit.  Accordingly, his application for the appointment of *pro bono* counsel is DENIED without prejudice.

The Clerk of Court is respectfully requested to mail a copy of this order to Petitioner.

It is SO ORDERED.

Dated: March 10, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.